UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| CHRISTINE BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil No. 06-60-B-H |
| | ) |
| EASTERN MAINE MEDICAL | ) |
| CENTER, | ) |
| Defendant | ) |

**RECOMMENDED DECISION ON MOTION TO DISMISS**

Christine Brown, a former nurse technician at Eastern Maine Medical Center, has brought a two-count complaint alleging that she was terminated from her employment in violation of the Family Medical Leave Act (FMLA), 29 U.S.C. §§ 2601 et seq., and the Maine Family Medical Leave Act (MFMLA), 26 M.R.S.A. §§ 843 et seq.  I now recommend that the court deny the defendant's, Eastern Maine Medical Center, motion to dismiss (Docket No. 5) as to the FMLA claim and grant it as to the MFMLA claim.

*Material Complaint Allegations*

Christine Brown resides in Levant, Maine.  Brown was employed by Eastern Maine Medical Center (EMMC) for over three consecutive years from July 2002 until she was terminated from her job as a nurse technician on November 3, 2005.  In the year preceding her termination, Brown worked more than 1250 hours. At all times relevant to this complaint, Brown performed her job in a satisfactory fashion. (Compl. ¶ 5.)  EMMC is a Maine corporation doing business in the State of Maine at a location in Bangor, Maine.  EMMC employs more than fifty employees.  (Id. ¶ 6.)  Throughout most of Brown's last year of employment with EMMC, she

suffered from fatigue of uncertain origin.  Working diagnoses included fibromyalgia, rheumatoid arthritis, lupus, depression, and a connective tissue disorder.  (Id. ¶ 7.)  During the year prior to her termination, Brown treated with a number of physicians in an attempt to obtain a definitive diagnosis and remedy for her fatigue, including with but not limited to Dr. Franklin Bragg, her primary care physician; Dr. Buck, a family practitioner; Dr. Krause; and a physician's assistant, Diane James; and Dr. Geofffrey Gratwick, a rheumatologist.  (Id. ¶ 8.)

During the year prior to her termination, Brown was tardy on various occasions for the start of her 7:00 a.m. shift.  (Id. ¶ 9.)  Brown explained to her supervisor, Zina Black, on a number of occasions that her tardiness as well as occasional absenteeism was attributable to her medical condition.  (Id. ¶ 10.)  Zina Black was aware that Brown's medical condition qualified as a serious illness under the FMLA and as a serious health condition under the MFMLA and in fact at one point offered Brown medical leave because of her condition.  (Id. ¶ 11.)  Brown rejected Black's offer of medical leave because it would have required her to go out of work altogether.  (Id. ¶ 12.)  Neither Black nor anyone associated with EMMC ever offered Brown intermittent leave.  (Id. ¶ 13.)  Two days prior to Brown's termination, Black advised Brown that she believed that Brown had lupus or some other medical condition which showed on her face.  (Id. ¶ 14.)  On or about November 3, 2005, Lorraine Rogerson in the presence of Black terminated Brown for excessive tardiness.  (Id. ¶ 15.)  Had Brown been made aware of her right to intermittent leave, she could have used such intermittent leave to excuse her tardiness.  (Id. ¶ 16.)

## *Motion to Dismiss Standard*

Federal Rule of Civil Procedure 12(b)(6), the procedural vehicle for the defendants' motion, provides that a complaint can be dismissed for "failure to state a claim upon which relief

can be granted."  In deciding a motion to dismiss, the court must "accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences there from in the plaintiff's favor, and determine whether the complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory."  TAG/ICIB Servs., Inc. v. Pan Am. Grain Co., Inc., 215 F.3d 172, 175 (1st Cir. 2000).  EMMC is entitled to dismissal only if it appears to a certainty that Brown cannot recover under any set of facts consistent with the allegations set forth in the complaint.  Me. Coast Mem'l Hosp. v. Sargent, 369 F. Supp. 2d 61, 63 (D. Me. May 10, 2005).  Federal Rule of Civil Procedure 8(a)(2) requires no more from a complaint than a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); see also Swierkiewicz v. Sorema N. A., 534 U.S. 506, 513 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").

*Discussion*

**1.  The FMLA Claim**

EMMC correctly identifies Count I of Brown's complaint as a claim under the FMLA alleging that EMMC interfered with, restrained, or denied Brown's exercise or attempted exercise of her right to take intermittent leave under the FMLA in violation of 29 U.S.C. § 2615 (a)(1).  EMMC focuses on the language in Brown's complaint wherein she recites that no one at EMMC ever offered Brown intermittent leave under the FMLA and asserts that nothing in the FMLA or the regulations promulgated pursuant to it requires an employer to give an employee notice of the right to take intermittent leave.  The FMLA does require employers to provide "a notice, to be prepared or approved by the Secretary, setting forth excerpts from, or summaries of, the pertinent provisions of this title and information pertaining to the filing of a charge."  29 U.S.C. § 2619(a).  The FMLA does not define what provisions are pertinent, but the Department of Labor

regulations interpreting the FMLA do not require notice of intermittent leave rights even though the statute speaks of the right to take intermittent leave.  However, the United State Supreme Court has recognized that under certain circumstances the failure to give an employee notice of her right to take intermittent leave might be said to deny, restrain, or interfere with the employee's exercise of FMLA rights:

> Consider, for instance, the right under §2612(b)(1) to take intermittent leave when medically necessary. An employee who undergoes cancer treatments every other week over the course of 12 weeks might want to work during the off weeks, earning a paycheck and saving six weeks for later.  If she is not informed that her absence qualifies as FMLA leave- and if she does not know of her right under the statute to take intermittent leave- she might take all 12 of her FMLA-guaranteed weeks consecutively and have no leave remaining for some future emergency.  In circumstances like these . . . the employer's failure to give the notice could be said to "deny," "restrain," or "interfere with" the employees' exercise of her right to take intermittent leave. This position may be reasonable, but the more extreme one embodied in § 825.700(a) is not.

Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81, 89-90 (2002).

EMMC dismisses the Supreme Court's discussion of the matter as "unpersuasive dictum." I, however, am inclined to give it a bit more weight, as did the court in Weizman v. Buckingham Township, if, indeed, Brown is able to show actual prejudice.  04-Civ. No. 4719, 2005 WL 1406026, *6 (E.D. Pa. June 14, 2005) ("Defendants are of course free to re-assert their arguments in support of dismissal should plaintiff fail to demonstrate prejudice as of these alleged failures.").[1]

EMMC relies upon Magistrate Judge Cohen's decision in Whitney v. Wal-Mart Stores, Inc., Civ. No. 03-65-P-H, 2003 WL 22961210 (D. Me. Dec. 16, 2003) ("Whitney I"); see also Whitney v. Wal-Mart Stores, Inc., 2006 ME 37, 895A.2d 309, ("Whitney II").  On a plaintiff's motion for summary judgment premised on the employer's failure to notify him of his right to

---

[1] Such a demonstration would include EMMC's failure to provide information about the right to take intermittent leave.

take intermittent leave, Magistrate Judge Cohen observed that the particular regulation upon which Whitney based his claim, 29 C.F.R. § 825.208 (b)(1), could not be read to require an employer to inform an employee that he could take any remaining FMLA leave on an intermittent basis.  Whitney I at * 9.  Magistrate Judge Cohen went on to observe, however, that Wal-Mart was also not entitled to summary judgment in that case on the issue of notice regarding intermittent leave because "plaintiff also contends that he was prejudiced by the alleged lack of notice" and had submitted evidence that "would allow a reasonable factfinder to conclude that he was required by the defendants to take his FMLA leave continuously rather than on an intermittent basis."  Id. at *14.  Considering both the Ragsdale opinion and Whitney I, I conclude that Brown cannot ultimately rely upon the mere fact that EMMC did not give her notice of the right to take intermittent leave under the FMLA, but that it would not be impossible for Brown to present a set of facts that would indeed state a claim under the scenario she has presented in her complaint.  Brown alleges facts from which it might be possible to infer that her employer was on notice of her serious medical situation, her continuing fatigue, and her need to avail herself of FMLA leave, yet specifically failed to give her notice of her right to take intermittent leave to her great detriment.  The complaint states enough to survive the liberal pleading requirements of Federal Rule of Civil Procedure 8.

**2. The MFMLA count**

The MFMLA, unlike the FMLA, is silent as to the right to take intermittent leave.  It is true that historically in employment related cases the Maine Law Court has looked to federal provisions when construing the Maine statute, to the extent there is an identity of purpose and objectives between the two provisions.  See, e.g., Winston v. Me. Technical Coll. Sys., 631 A.2d 70, 74-75 (Me. 1993).   However, the Maine Law Court has also made it clear that, where the

language of the federal act and the state act differ substantially, deference to federal construction is unwarranted.  Me. Human Rights Comm'n v. Kennebec Water Power Co., 468 A.2d 307, 310 (Me. 1983) (declining to limit the MHRA's protection of all individuals from age discrimination to just those ages protected by its federal counterpart) and Whitney II, 2006 ME 37, 895A.2d 309 (declining to require a showing of substantial limitation of a major life activity under the state definition of physical or mental disability).  In the present case I can see no reason to import the federal statutory provision regarding intermittent leave into the Maine statutory scheme; the Maine State Legislature, for whatever reason, chose not to do so.  Compare 29 U.S.C. § 2612 (affording "a total of 12 workweeks of leave during any 12-month period" and including a statutory subsection specifically affording intermittent leave) with 26 M.R.S.A. § 844 (affording "up to 10 consecutive work weeks of family medical leave in any 2 years" and lacking any provision for intermittent leave).

*Conclusion*

Based upon the foregoing, I recommend the court DENY the motion to dismiss as to Count I under the FMLA, and GRANT it as to Count II under the MFMLA.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

July 18, 2006